UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PIERRE D. BURDETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:17-CV-072 JD |
| v. | ) |
| | ) |
| SHERIFF, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Pierre D. Burdette, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his February 16, 2017, conviction for invasion of privacy, interference with reporting a crime and criminal mischief. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Burdette pled guilty and was sentenced to a one year term of imprisonment. He has not pursued a direct appeal to the Indiana Court of Appeals or sought transfer to the Indiana Supreme Court. (DE 1 at 1.) Nor has he pursued a state post-conviction petition. (DE 1 at 2.) Nevertheless, he seeks habeas relief here.

Burdette's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a federal court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the court must ensure that the petitioner has exhausted all available remedies in the

state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Simply put, Burdette must appeal his conviction through the Indiana Court of Appeals and then ask the Indiana Supreme Court to take the case. This he has not done. Clearly, and by his own admission, Burdette has not presented any of his claims to the Indiana Supreme Court, as required. Therefore he has not exhausted his State court remedies and this habeas corpus petition must be dismissed without prejudice. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to this court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Since Burdette was convicted in February 2017, only days of the 1-year period of limitation set forth in 28 U.S.C. § 2244(d) have expired. Thus, the dismissal of this petition will not end his chance of federal review after he exhausts his State court remedies.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

2

appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the court dismisses the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, only one component needs to be addressed if it will resolve the issue. *Id.* at 485.

As explained above, Burdette has not yet exhausted his state court remedies, and so his petition must be dismissed. A dismissal without prejudice for failure to exhaust state court remedies is not an appealable order, unless the petitioner would be time-barred or otherwise precluded from returning to federal court after exhausting his state court remedies. *Dolis*, 454 F.3d at 723; *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004). That issue is not presented here, and so the dismissal order would not be appealable. Moreover, nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Burdette to proceed further without first exhausting his state court remedies.

For these reasons, the petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.

SO ORDERED.

ENTERED: March 16, 2017

                                                        /s/ JON E. DEGUILIO  
                                        Judge  
                                        United States District Court